IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROCKY JAY ROBERT REYNOLDS, | ) | |
| Plaintiff, | ) | Civil Case No. 7:19-cv-00415 |
| | ) | |
| v. | ) | **MEMORADNUM OPINION** |
| | ) | |
| DISTRICT ATTORNEYS OFFICE | ) | |
| DICKENSON CO., SETH BAKER, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Rocky Jay Roberts Reynolds, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Reynolds has sought leave to proceed *in forma pauperis.* Upon review of the complaint pursuant to 28 U.S.C. § 1915e(2), it is clear that his claims are brought only against defendants entitled to Eleventh Amendment immunity and/or prosecutorial immunity. Thus, his claims must be dismissed.

The Clerk has docketed Reynolds' complaint as naming two defendants: "District Attorneys Office Dickenson Co." and Seth Baker, who is the prosecutor in Reynolds's criminal case. A fair reading of the complaint suggests that Reynolds only intended to name Baker as a defendant and that the other name is a descriptor of Baker's position or employer. Nonetheless, to the extent Reynolds intended to name the "District Attorneys' Office of Dickenson County" as a defendant, his claims must be dismissed. As an initial matter, there is no entity with that name; county prosecutors in Virginia are part of a Commonwealth's Attorney office. Even if Reynolds had properly named the office, however, a Commonwealth's Attorney office is not a "person" and not a proper defendant in a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are subject to suit under § 1983); *see also Davison v. Plowman*, 247 F. Supp. 3d 767, 780–81 (E.D. Va. 2017) (explaining why a Commonwealth's Attorney is entitled to Eleventh

Amendment immunity from suit and collecting authority). To the extent Reynolds intended to name that party as a defendant, then, the claims against that defendant must be dismissed.

Reynolds's claim against defendant Baker is based on allegations of misconduct in the prosecution of Reynolds's criminal case. Specifically, Reynolds claims that Baker "shared" information on his case with his attorney and also argued for postponing the preliminary hearing, although Reynolds did not want it postponed. He also claims that Baker lied to the judge concerning Reynolds's knowledge of a mental health evaluation, allowed evidence and Reynolds's property to be released to the victim without Reynolds's knowledge, and knows or has suspicions about a police investigator planting evidence. (Compl. 2, Dkt. No. 1.)

Reynolds's Section 1983 claim against Baker must be dismissed on the merits for several reasons. First of all, to the extent Reynolds is seeking money damages against Baker in his official capacity, Baker has Eleventh Amendment immunity from such claims. *Nivens v. Gilchrist*, 444 F.3d 237, 248 (4th Cir. 2006). As to all of the claims against him, moreover, prosecutor Baker enjoys prosecutorial immunity from suit. In *Imbler v. Pachtman*, the Supreme Court held "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 430 (1976). The *Imbler* Court "explained that prosecutors should be afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process.'" *Nivens*, 444 F.3d at 250 (quoting *Imbler*, 424 U.S. at 430).

Reynolds does not allege in the complaint that Baker was acting outside the scope of his traditional duties as a prosecutor. To the contrary, all of the allegations—with the possible

exception of Baker's treatment of Reynolds's property[1]—are focused on misconduct in court and relate to actions that Baker took in Reynolds's criminal case. Thus, Reynolds has alleged that Baker was in fact acting within the realm of his "traditional prosecutorial duties." *Nivens*, 444 F.3d at 250. Baker is entitled to absolute prosecutorial immunity for those actions, and the claims against him must be dismissed with prejudice.

An appropriate order will be entered.

**ENTER**: This  27th day of February, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Reynolds does not provide any detail or factual allegations to evaluate this claim. For example, he does not provide any information about what property was taken or to whom it was given, other than identifying the recipient as "the victim." That reference alone appears to relate the property in some way to the prosecution. Additionally, Virginia precludes monetary recovery for the loss of property if it arose "out of the institution or prosecution of any judicial or administrative proceeding, even if without probable cause." Va. Code Ann. § 8.01-195.3. Regardless, the claim related to the property must be dismissed for failure to state a claim, given the conclusory way in which it is pled.